UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:21-CR-00006-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **KEVIN JOSEPH LEJEUNE (01)** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court are two objections to the calculations of the guidelines in the preliminary Presentence Investigation Report ("PSR") issued by the United States Probation Office ("Probation"). The objections are as follows: (1) Probation's determination that 4 points should be added because LeJeune used or possessed the firearm in connections with the "offense of Illegal Use of Weapons or Dangerous Instrumentalities", and (2) Probation's 2-point offense level increase at USSG § 2K2.1(b)(4)(B) for possessing a firearm with an obliterated serial number.

## BACKGROUND

On July 9, 202, investigators with the Calcasieu Parish Sheriff's Office responded to Defendant's residence following a disturbance complaint and reports of gunshots. The investigation revealed that Defendant' girlfriend, Cierra Robinson, met Daven Rucker on the internet and invited him to the home when Defendant was not there. Robinson observed Defendant approaching the driveway from the residence's surveillance system. She immediately told Rucker to leave. Rucker left out the back door and hid in a wooded area.

Shortly thereafter, Rucker heard gunshots. Rucker went to a neighbor's house and called the cops.

## LAW AND ANALYSIS

Defendant, Kevin Joseph LeJeune, objects to Probation's determination that 4 points should be added to his offense level under United States Sentencing Guideline ("USSG") § 2K2.1(b)(6)(B). Probation determined that LeJeune used or possessed the firearm in connection with the "offense of Illegal Use of Weapons or Dangerous Instrumentalities in that he fired the firearm out of the doorway where another person had fled."[1] LeJeune argues that in order for him to have used the firearm in connection with the offense of illegal use of weapons or dangerous instrumentalities, he would have needed to discharge the firearm in a way that it is "foreseeable that it may result in death or great bodily harm to a human being."[2]

LeJeune contends that the police reports indicate that he did not "[fire] the firearm out of the doorway where another person had fled," but instead "walked outside on the back porch and fired approximately four rounds out of a handgun into the ground. . . ."[3] Defendant submits that in his statement post-Miranda, he admitted to firing rounds into the ground.[4] Defendant further submits that this was also confirmed by Deputy Matthew Nunez in his narrative report.[5]

---

[1] Doc. 34, p.1.
[2] Id.
[3] Defendant's exhibit 1, Narrative Report of Detective Jody L. Antoine, BATES reports-00001—Reports-00002.
[4] Id.
[5] Defendant's exhibit 2, Narrative Report of Deputy Matthew Nunez, BATES Reports-00058—Reports-00059.

Defendant argues that because he fired the rounds into the ground, he did not commit the offense of illegal use of weapons or dangerous instrumentalities, and consequently the 4-point enhancement for using or possessing the firearm in connection with another felony offense contained in USSG § 2K2.1(b)(6)(B) should not apply.

The Government has responded to Defendant's objection and contends that Probation correctly determined that Defendant used or possessed the stolen firearm in connection with another felony offense, namely "Illegal Use of Weapons or Dangerous Instrumentalities." Probation relies on Application Note 14(A) to USSG § 2K2.1(b)(6)(B) which explains that the provision applies if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense.

The Government relies on surveillance footage recovered from Defendant's residence which shows Defendant exiting the home, going to his vehicle, and firing off three rounds from the stolen firearm. The surveillance footage reveals that Defendant fired the rounds into the air but at an angle.[6] Robinson's recorded statement confirms the sequence of events and the fear caused by the discharge of the weapon. Probation also notes that the weapon was fired while Robinson and her baby daughter was just a few feet away, and Google Maps reveals that there were several other residential structures in the area where Defendant discharged the firearm.[7]

The Government cites *State v. Shihadea,* 171 So.3d 1105 (La.App. 4 Cir. 2015) wherein the criminal defendant has been successfully prosecuted under Louisiana Revised

---

[6] Government's exhibit 1, timestamped at 10:22:10.
[7] Government's exhibit 2.

Statutes § 14:94(A) for discharging a firearm in the air. In *States v. Matthews,* 70 So.3d 116 (La. App. 4 Cir. 2011), a court upheld a conviction under the statute where a defendant fired a pistol in the air while in a populated area with a witness who was nearby.

In *State v. Brown,* 93 so.3d 873 (La.App. 2 Cir. 2012), the court upheld a conviction under Louisiana Revised Statute § 14:94(A) where the defendant fired a pistol in the air. The Court finds that Probation correctly determined that LeJeune used or possessed the stolen firearm in connection with another felony offense, namely "Illegal Use of Weapons or Dangerous Instrumentalities" and correctly added four levels to Defendant's Base Offense Level under USSG § 2K2.1(b)(6)(B).

*Obliterated serial number*

Probation also determined that two levels should be added to Defendant's Base Offense Level pursuant to USSG § 2K2.1(b)(4)(B). Defendant contends that the serial number on the firearm was unreadable due to its general state of disrepair. After contacting an investigator regarding the firearm, the Government concedes that there is no evidence that the serial number was rendered unreadable due to an intentional act to make it untraceable.

## CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** that Defendant's objection No. 1 concerning Probation's determination that 4 points should be added because LeJeune used or possessed the firearm in connections with the offense of Illegal Use of Weapons or Dangerous Instrumentalities is **OVERRULED;**

**IT IS FURTHER ORDERED** that Defendant's objection no. 2 concerning Probation's 2-point offense level increase at USSG § 2K2.1(b)(4)(B) for possessing a firearm with an obliterated serial number is **SUSTAINED**.

**THUS DONE AND SIGNED** in Chambers on this 31st day of August, 2021.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE