UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:21-CR-00006-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **KEVIN JOSEPH LEJEUNE (01)** | **RETIRED MAG JDG JRS KAY** |

## MEMORANDUM ORDER

Before the Court is a handwritten letter (Doc. 50) authored by Defendant, Kevin Joseph Lejeune, wherein it appears that Defendant is complaining that his sentence is not being carried out properly because he has not received credit for time served in in state custody, noting that the federal sentence was to run concurrent with the state sentence. In other words, Defendant is challenging the administration of his already imposed sentence. Defendant also requests that the Court appoint him a lawyer.

The authority for administering a sentence already imposed rests with the Attorney General through the Bureau of Prisons ("BOP"). *United States v. Wilson*, 503 U.S. 329, 334-35, 112 S.Ct. 1351 (1992). As such, the BOP, not the district court, has the authority to award credit for time accrued in state custody against a federal sentence. *Id.* at 333. To secure this sentence, an inmate must go through the BOP's administrative process, or in other words exhaust his administrative remedies. If the BOP refuses to grant Defendant's request for credit for time served, the Defendant may then file a § 2241 petition in federal court. *Pierce v. Holder,* 614 F.3d 158, 160 (5th Cir. 2010). Said petition must be filed in the district where the petitioner is incarcerated. See *Rumsfeld v. Padilla*, 542 U.S. 426, 442-43, 124 S.C.t 2711 (2004).

Accordingly,

**IT IS ORDERED** that Defendant's request/motion is **DENIED** in its entirety. The undersigned also requests that the clerk send Defendant, Lejeune, a § 2241 form.

**THUS DONE AND SIGNED** in chambers on this 16th day of July, 2025.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE